Filed 11/18/20  P. v. Lynch CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ARNOLD LYNCH,<br><br>    Defendant and Appellant. | D076181<br><br><br>(Super. Ct. No. JCF38345) |

APPEAL from an order of the Superior Court of Imperial County, Marco D. Nunez, Judge.  Affirmed.

Shay Dinata-Hanson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland and Amanda Lloyd, Deputy Attorneys General, for Plaintiff and Respondent.

In 2018, Arnold Lynch was convicted of violating Penal Code section 4573.6, which prohibits possession of controlled substances (in his

case, marijuana) in prison. Lynch contends this is no longer a felony under Health and Safety Code section 11362.1, subdivision (a),[1] which was enacted pursuant to the passage of Proposition 64 and which decriminalizes possession of small amounts of cannabis. (Prop. 64, § 4.4, approved Nov. 8, 2016, eff. Nov. 9, 2016; amended by Stats. 2017, ch. 27, § 129.) In 2019, Lynch petitioned the trial court for recall or dismissal of his 2018 conviction. (Health & Saf. Code, § 11361.8, subd. (a).) The trial court concluded Penal Code section 4573.6, subdivision (a) remains a felony following the passage of Proposition 64 and denied Lynch's petition. On appeal, Lynch challenges the trial court's denial of his petition and asserts an additional contention regarding the trial court's failure to consider his ability to pay various fines and fees when it imposed sentence in connection with his no contest plea in 2018, in violation of *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*). We conclude the trial court properly denied Lynch's section 11361.8 petition and his *Dueñas* claim is not cognizable on this appeal from the denial of his petition. We therefore affirm the court's order.

FACTS

In January 2015, correctional officers noticed a strong odor of marijuana as they passed by Lynch's cell at Calipatria State Prison. Officers directed Lynch to step out of the cell, but rather than promptly complying, officers witnessed Lynch attempt to conceal contraband in his rectum. In a subsequent search, officers found a plastic-wrapped bindle in Lynch's rectum. Lynch admitted to the officers the bindle contained marijuana. Subsequent tests confirmed the bindle contained 8.35 grams of marijuana.

---

[1] Unless otherwise indicated, statutory references are to the Health and Safety Code.

2

In 2016, California voters decriminalized the possession of less than 28.5 grams (approximately one ounce) of marijuana, or cannabis.[2] (Prop. 64; § 11362.1, subd. (a); see *People v. Perry* (2019) 32 Cal.App.5th 885, 888 (*Perry*), *People v. Raybon* (2019) 36 Cal.App.5th 111, 114, review granted Aug. 21, 2019, S256978 (*Raybon*).)

In September 2017, an indictment charged Lynch with one felony count of possessing contraband in prison in violation of Penal Code section 4573.6. The indictment also alleged one serious or violent felony prior (*id.*, §§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i)) and further alleged that Lynch committed the offense while confined in state prison (*id.*, § 1170.1, subd. (c)).

In April 2018, Lynch pled no contest to one count of violating Penal Code section 4573.6 with the following agreement: "Probation denied; impose LT [lower term] of [two] years state prison consecutive to Los Angeles County Case No. TA067451; balance of indictment is dismissed [and] prior strike allegation is stricken[.]" The trial court sentenced Lynch to state prison for the lower term of two years to run consecutive to his current sentence. The trial court also imposed a restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)), a criminal conviction assessment of $30 (Gov. Code, § 70373), a court security fee of $40 (Pen. Code, § 1465.8), and imposed and stayed a parole revocation restitution fine of $300 (*id.*, § 1202.45). At sentencing, Lynch's counsel requested that the court consider his ability to pay the restitution fine, considering he was already paying a $10,000 obligation in "the controlling . . . case," and that "any additional state[-]imposed fines will

---

[2] In 2017, the Legislature replaced references to "marijuana" in the Health and Safety Code with the term "cannabis." (See, e.g., Stats. 2017, ch. 27, § 121, eff. June 27, 2017.) For consistency, we primarily use the amended terminology of "cannabis" throughout the remainder of this opinion.

impact his ability to pay off restitution to actual victims."[3]  The trial court remarked, "as I understand it, those fines are absolutely mandatory, and I don't have an option to not order them.  So, sorry."

In June 2019, Lynch—through counsel—petitioned the trial court for a recall of sentence and dismissal of his Penal Code section 4573.6 conviction pursuant to Health and Safety Code section 11361.8, subdivision (a), on the ground that Health and Safety Code section 11362.1 provides that possession by an individual 21 years of age and older of not more than 28.5 grams of cannabis is not a felony.  Lynch encouraged the court to follow *Raybon*, which concluded that, after Proposition 64, possession of small amounts of cannabis in prison is no longer a felony.[4]  The district attorney opposed Lynch's petition, contending that Penal Code section 4573.6 remained a felony.  The district attorney encouraged the trial court to follow *Perry*, which concluded Proposition 64 did not decriminalize possession of cannabis in prison.  The district attorney did not contend that Lynch had forfeited relief under Proposition 64 by failing to raise the issue at the time of his conviction and sentencing for the offense.

After hearing argument, the trial court denied Lynch's petition, concluding Lynch was not entitled to relief under section 11361.8.

---

[3]    In 2005, in Los Angeles Superior Court Case No. TA067451, Lynch was convicted of first degree murder while armed with a firearm (Pen. Code, §§ 187, subd. (a), 12022, subd. (a)(1), count 1), conspiracy to commit robbery (*id.*, § 182, subd. (a)(1), count 2), second degree robbery (*id.*, § 211, count 3), and second degree burglary (*id.*, § 459, count 4).  The trial court sentenced Lynch to a total term of 26 years to life in prison and imposed a $10,000 restitution fine (*id.*, § 1202.4, subd. (b)) and various additional fines and fees.

[4]    The *Raybon* opinion had been filed just days before Lynch filed his petition.

4

On appeal, Lynch contends that the passage of Proposition 64 entitles him to relief from his Penal Code section 4573.6 conviction. He urges this court to adopt the reasoning of *Raybon*, which he contends is "more persuasive" than *Perry*. He also challenges the trial court's failure to consider his ability to pay various fines and fees when it imposed sentence in connection with his no contest plea in 2018, in violation of *Dueñas*.

## DISCUSSION

### I.

### *Proposition 64*

The principal question before this court is whether, as a result of Proposition 64, it is permissible to possess small quantities of cannabis in prison. The Courts of Appeal have reached contrary conclusions on this issue. We outline the conflicting appellate decisions below and adopt the reasoning of cases holding it remains illegal to possess small amounts of cannabis in prison. We therefore conclude the trial court correctly denied Lynch's petition to recall or dismiss his sentence pursuant to section 11361.8.

A. *Governing Legal Principles*

Lynch was convicted of violating Penal Code section 4573.6, which provides: "Any person who knowingly has in his or her possession in any state prison . . . any controlled substances, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code . . . or paraphernalia intended to be used for unlawfully injecting or consuming controlled substances, without being authorized to so possess the same by the rules of the Department of Corrections . . . is guilty of a

5

felony punishable by imprisonment pursuant to subdivision (h) of Section 1170 for two, three, or four years." (Pen. Code, § 4573.6, subd. (a).)[5]

Proposition 64 decriminalized the possession of small quantities of cannabis for persons 21 years of age or older. (See *Perry, supra,* 32 Cal.App.5th at pp. 889-890.) Among other things, it added Health and Safety Code section 11362.1, which provides in part: "Subject to Section[] . . . 11362.45, but notwithstanding any other provision of law, it shall be lawful under state and local law, and shall not be a violation of state or local law, for persons 21 years of age or older to: [¶] (1) Possess . . . not more than 28.5 grams of cannabis not in the form of concentrated cannabis." (§ 11362.1, subd. (a).)[6]

Decriminalization is expressly subject to Health and Safety Code section 11362.45, which has been characterized as an exception or "carve out" provision—i.e., section 11362.45 limits what is otherwise made lawful by section 11362.1. (See, e.g., *Perry, supra,* 32 Cal.App.5th at p. 895 [section 11362.45 is "an exception to the legalization of possession and use authorized by section 11361.2"]; *People v. Herrera* (2020) 52 Cal.App.5th 982,

---

[5] Penal Code section 4573.8 similarly proscribes "knowingly . . . possess[ing] in any state prison . . . drugs in any manner . . . ." Cannabis remains a controlled substance under Division 10 of the Health and Safety Code. (Health & Saf. Code, § 11054, subd. (d)(13).)

[6] As noted, Proposition 64 legalizes certain activity involving 28.5 grams or less of cannabis by persons 21 years of age or older. When we refer to the decriminalization of the use and possession of cannabis in this opinion, for ease of reference, we do not always restate these age restrictions and amounts. (See *Perry, supra,* 32 Cal.App.5th at p. 890, fn. 8.)

991, review granted Oct. 14, 2020, S264339 (*Herrera*)[7] ["section 11362.45[, subd.] (d) carves out from Proposition 64's legalization of cannabis '[l]aws *pertaining to* smoking or ingesting' cannabis in a penal institution"].) This carve out provision states in relevant part: "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within, any facility or institution under the jurisdiction of the Department of Corrections and Rehabilitation or . . . any other facility or institution referenced in Section 4573 of the Penal Code." (Health & Saf. Code, § 11362.45, subd. (d).) The facilities referenced in Penal Code section 4573 include state prisons and county jails. (Pen. Code, § 4573, subd. (a).)

A person serving a sentence for a conviction which would not have been an offense after passage of Proposition 64 may petition the trial court for a recall or dismissal of his or her sentence. (§ 11361.8, subd. (a).) "If the petitioner satisfies the criteria in subdivision (a), the court shall grant the petition to recall the sentence or dismiss the sentence because it is legally invalid unless the court determines that granting the petition would pose an unreasonable risk of danger to public safety." (§ 11361.8, subd. (b).) Whether a petitioning party is eligible for relief under section 11361.8, subdivision (a), presents a question of statutory interpretation which we review de novo. (*People v. Whalum* (2020) 50 Cal.App.5th 1, 9 (*Whalum*); *Raybon, supra*, 36 Cal.App.5th at p. 113, review granted.)

In *Perry*, the First District Court of Appeal addressed the question of whether an inmate's conviction for possessing cannabis in prison under Penal Code section 4573.6 was subject to dismissal after the adoption of

---

[7]     On October 14, 2020, our Supreme Court granted review in *Herrera* "pending consideration and disposition of related issues in *People v. Raybon*, S256978." (*Herrera, supra*, 52 Cal.App.5th 982, review granted.)

Proposition 64. (*Perry*, *supra*, 32 Cal.App.5th at p. 890.) The *Perry* court concluded Proposition 64 did not change any existing "prohibitions against the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6." (*Ibid*.) The court explained that Proposition 64 legalized possession of not more than 28.5 grams of cannabis, but it was expressly subject to the exception carved out by Health and Safety Code section 11362.45, subdivision (d) for " '[l]aws pertaining to smoking or ingesting cannabis or cannabis products,' " which remain prohibited. (*Perry*, at p. 891.) The court addressed the parties' competing contentions as to whether this exception applies to "possession," as well as "smoking or ingesting" cannabis, and concluded that it does. (*Id*. at pp. 890-891.) In response to the defendant's argument that possession was "not necessarily an inherent aspect of smoking or ingesting [cannabis]," the court found the concepts of possession and use were related, noting in "the context of possession in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Id*. at p. 892.) The court also rejected defendant's argument premised on Penal Code section 4573.6's reference to what is prohibited under Division 10 of the Health and Safety Code—i.e., "that Penal Code section 4573.6 no longer applies to possession by an adult in prison of not more than 28.5 grams of cannabis because the offense is defined by reference to 'controlled substances, the possession of which is prohibited by Division 10,' and Proposition 64, by its amendment of Health and Safety Code section 11357, eliminated the prohibition against such possession that previously existed in division 10." (*Perry*, at p. 893.)[8] The court rejected this argument because it would render

_____

[8]     "As amended by Proposition 64, section 11357 no longer defines

the exception, or carve out language, meaningless: "Here, a conclusion that division 10 [of the Health and Safety Code] does not prohibit the possession of not more than 28.5 grams of cannabis for purposes of Penal Code section 4573.6 would make meaningless the express provision of Proposition 64 that its legalization of cannabis did not 'amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] . . . [l]aws pertaining to smoking or ingesting cannabis' in penal institutions." (*Id*. at p. 894.) By contrast, interpreting Penal Code section 4573.6's language ("controlled substance, the possession of which is prohibited by Division 10") as including possession of cannabis in prison, "does no violence to the words of the" statute. (*Perry*, at p. 896.) "Cannabis remains a controlled substance under division 10.[9] Under the Health and Safety Code provisions affected by Proposition 64, all of which are part of division 10, cannabis possession is prohibited in a number of specific circumstances and its possession or use in penal institutions is excluded from the initiative's affirmative legalization provision." (*Ibid*.)

In *Raybon*, the Third District Court of Appeal addressed the same question of whether possession of cannabis in prison remains a crime after the passage of Proposition 64, and it came to the opposite conclusion of *Perry*. The *Raybon* court concluded "the plain language of Health and Safety Code section 11362.1, enacted as part of Proposition 64," compelled a finding that "possession of less than an ounce of cannabis in prison is no longer a felony." (*Raybon*, *supra*, 36 Cal.App.5th at p. 113, review granted.) The court found support for its position in two prior cases, *People v. Fenton* (1993)

_____

possession of not more than 28.5 grams of marijuana by a person age 21 or older as an offense." (*Perry*, *supra*, 32 Cal.App.5th at p. 889; see § 11357, subd. (a).)

9       Section 11054, subdivision (d)(13).

20 Cal.App.4th 965 and *People v. Harris* (2006) 145 Cal.App.4th 1456, which the court noted rejected many of the same arguments the Attorney General was asserting that were "at odds with the plain meaning of the statute." (*Raybon*, at pp. 117-119.)[10]  With regard to the scope of the carve out in section 11362.45, subdivision (d), the court rejected the notion that the "drafters of Proposition 64 intended to include possession not by naming it, but by the use of a tangential reference 'pertaining to.' " (*Raybon*, at p. 121.) The court further explained "it stretches the imagination to conclude that the drafters listed two distinct activities, 'smoking or ingesting,' intending to include a third distinct activity, possession, by using the vague reference 'pertaining to.' " (*Ibid.*)[11]  The court rejected the Attorney General's arguments based on public policy grounds, and his claim that allowing the possession of small amounts of cannabis in prison leads to absurd results, stating:  "None of the policy arguments he advances can undermine the will

---

[10]    In *Fenton*, the Court of Appeal ruled that the defendant did not violate Penal Code section 4573, which prohibits bringing into a jail " 'any controlled substance, the possession of which is prohibited by Division 10 (commencing with Section 11000) of the Health and Safety Code,' " because he had a physician's prescription for the controlled substance in his possession. (*Fenton, supra*, 20 Cal.App.4th at pp. 966-967, 971.)  In *Harris*, the appellate court reversed the defendant's conviction for violating Penal Code section 4573.5, prohibiting bringing "drugs 'other than controlled substances' " into a correctional facility, because the statute does not apply to controlled substances such as the " 'medical marijuana' " which the defendant brought into the prison. (*Harris, supra*, 145 Cal.App.4th at pp. 1460-1461, 1465.)

[11]    According to the court, the purpose of the " 'pertaining to' " language was to "describe the vast array of means of *consumption*," such as "inhal[ing] . . . a nonburning vapor" or topical application resulting in "absor[ption] through the skin," which remain unlawful. (*Raybon, supra*, 36 Cal.App.5th at p. 122, review granted, italics added.)

of the electorate and none of the disasters he foresees constitute the type of absurdity that allows us to disregard the voters' clear intent." (*Id.* at p. 124.) In response to concerns about the loss of control over correctional facilities resulting from the decriminalization of cannabis in prisons, the court concluded "rules prohibiting the possession of cannabis can be established and managed administratively." (*Id.* at p. 119.)

In *Whalum*, this court addressed the similar issue of whether an inmate convicted of Penal Code section 4573.8, which prohibits possession of "drugs in any manner" in prison, was eligible for relief under Health and Safety Code section 11361.8, subdivision (a). (*Whalum*, *supra*, 50 Cal.App.5th at p. 3.) *Whalum* concluded that a conviction under Penal Code section 4573.8 remained a felony after Proposition 64, and the inmate was not eligible for relief. (*Whalum*, at p. 3.) The court noted it "need not, and d[id] not, weigh in on the issues unique to the impact of Proposition 64 on Penal Code section 4573.6." (*Id.* at p. 10.) However, the court agreed with *Perry* that "Proposition 64 did not affect laws specifically directed at criminalizing the possession of cannabis as contraband in a correctional institution." (*Id.* at p. 5.) *Whalum* further "agree[d] with *Perry*'s analysis regarding the scope of the carve out in [Health and Safety Code] section 11362.45, subdivision (d), and . . . accordingly conclude[d] that Proposition 64 does not affect laws, including Penal Code section 4573.8, which make it a crime to possess cannabis in a correctional institution." (*Id.* at p. 10.) *Whalum* concluded that "even though Penal Code section 4573.8 criminalizes *possession* rather than *use* of drugs in a correctional institution, it is nevertheless properly described as a law 'pertaining to smoking or ingesting cannabis' in such a setting, as it is part of [a] prophylactic approach to prevent prisoners from *using* drugs." (*Id.* at p. 12.)

11

More recently, the Sixth District Court of Appeal addressed the question of whether Penal Code section 4573.6 remains a felony following the approval of Proposition 64 in *Herrera*. The *Herrera* court adhered to the analysis in *Perry* and *Whalum* and rejected the analysis in *Raybon*, concluding that "Proposition 64 did not decriminalize the possession of cannabis in a penal institution." (*Herrera, supra,* 52 Cal.App.5th at p. 985, review granted.) The *Herrera* court reasoned that Health and Safety Code section 11362.45, as enacted by Proposition 64, contains an exception to "the general provision authorizing adult possession of cannabis" (*Herrera,* at p. 990)—which expressly states that "Section 11362.1 does not amend, repeal, affect, restrict, or preempt: [¶] . . . [¶] (d) Laws pertaining to smoking or ingesting cannabis or cannabis products on the grounds of, or within any" prison or jail. (Health & Saf. Code, § 11362.45, subd. (d).) Because Penal Code section 4573.6, subdivision (a) is a " '[l]aw[] pertaining to smoking or ingesting cannabis' in jail within the meaning of Health and Safety Code section 11362.45[, subdivision] (d)," the *Herrera* court held that "Proposition 64 did 'not amend, repeal, affect, restrict, or preempt' Penal Code section 4573.6[, subdivision] (a), and possession of cannabis in jail remains a crime under that Penal Code provision." (*Herrera,* at p. 990.)

B. *Analysis*

The Attorney General contends that Lynch is not eligible for relief under Health and Safety Code section 11361.8 because it applies only to persons who were serving a sentence affected by Proposition 64 *at the time of its enactment*—which Lynch was not.[12] This contention is not supported by the language of Health and Safety Code section 11361.8, which provides, "A person *currently serving a sentence for a conviction*, whether by trial or by

---

[12] The People did not raise this claim in the trial court.

12

open or negotiated plea, who would not have been guilty of an offense, or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act *had that act been in effect at the time of the offense* may petition for a recall or dismissal of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing or dismissal . . . ." (Health & Saf. Code, § 11361.8, subd. (a), italics added.) Lynch was indeed convicted and sentenced for violating Penal Code section 4573.6 *after* the enactment of Proposition 64, but the offense occurred in January 2015, *prior* to the passage of Proposition 64. Lynch meets the criteria set forth in the statute: he is "currently serving a sentence for a conviction" and claims that he would not have been guilty of the Penal Code section 4573.6 offense had Proposition 64 "been in effect at the time of the offense." (Health & Saf. Code, § 11361.8, subd. (a).) Therefore, he properly pursued relief by petitioning for recall or dismissal of his sentence under the statute.

The Attorney General also contends that Lynch's certificate of probable cause contains a material misstatement of fact—that Lynch was sentenced prior to the enactment of Proposition 64—and was therefore wrongly obtained. Lynch's request for a certificate of probable cause, which was prepared by counsel, stated that Lynch entered his plea and was sentenced on April 12, 2018, and additionally stated, "[a]fter sentencing, Proposition 64 was enacted by ballot initiative." This is not accurate, as Proposition 64 was enacted by ballot initiative on November 8, 2016 (*Perry, supra,* 32 Cal.App.5th at p. 888), after Lynch committed his offense but before he was convicted and sentenced. The misstatement appears to have been accidental, and we decline to find it to be "material." In any event, Lynch's appeal is properly before this court. (See *Teal v. Superior Court* (2014)

13

60 Cal.4th 595, 601 [denial of defendant's claim of eligibility for resentencing under the Three Strikes Reform Act was appealable as an order after judgment affecting the defendant's substantial rights].) We therefore consider the merits of Lynch's claims.

Lynch's arguments are largely based on the contention that this court should follow *Raybon*, rather than *Perry*. He claims that, under the plain meaning of Proposition 64 and the statutes affected thereby, he is eligible for relief from his conviction because possession of less than one ounce of cannabis in prison is no longer illegal. Lynch further contends that strictly interpreting Health and Safety Code section 11362.45, subdivision (d) to exclude "simple possession" does not lead to absurd results or make Penal Code section 4573.6 a nullity. We reject Lynch's claims and conclude he is not entitled to relief.

Pending further guidance from the Supreme Court, and recognizing that *Raybon* reached a different conclusion, we agree with *Perry*, *Whalum*, and *Herrera* that Proposition 64's decriminalization of cannabis "does not amend, repeal, affect, restrict, or preempt" "[l]aws pertaining to smoking or ingesting" cannabis in prison (Health & Saf. Code, § 11362.45, subd. (d)), and possession of cannabis in prison under Penal Code section 4573.6, subdivision (a) is a "[l]aw[] pertaining to smoking or ingesting" cannabis in prison or jail under Health and Safety Code section 11362.45, subdivision (d). In other words, the wide scope of the carve out in Health and Safety Code section 11362.45, subdivision (d)—for "[l]aws pertaining to smoking or ingesting cannabis" in prison—encompasses *possession* as well as use of cannabis in prison. We therefore conclude the possession of cannabis in prison, in violation of Penal Code section 4573.6, remains a felony after the passage of Proposition 64.

14

Lynch argues his conduct would not be a crime if Proposition 64 had been in effect when he committed his offense because Proposition 64 removed small amounts of cannabis from the category of "controlled substances, the possession of which is prohibited by Division 10" of the Health and Safety Code (Pen. Code, § 4573.6). (See *Raybon*, *supra*, 36 Cal.App.5th at pp. 121-122, review granted.) We disagree because this position disregards the overall structure of Proposition 64 and the statutes which it added and amended. Although Proposition 64 generally decriminalized the possession of less than an ounce of cannabis, it did not change those laws prohibiting the possession of cannabis in prisons and other correctional facilities. (*Perry*, *supra*, 32 Cal.App.5th at p. 890 ["Proposition 64 did not affect existing prohibitions against the possession of [cannabis] *in prison.*"]; *Whalum*, *supra*, 50 Cal.App.5th at p. 5.)

Lynch contends that, because section 11362.45, subdivision (d) refers to smoking cannabis in prison but omits "possession," it can be inferred that possession of cannabis in prison was intended to be decriminalized. Lynch's argument is consistent with the *Raybon* court's interpretation of the carve out language in section 11362.45, subdivision (d), and contrary to *Perry*, *Whalum*, and *Herrera*, which we find persuasive. As correctly stated in *Perry*, in view of the "wide reach" of the phrase " 'pertaining to,' " "[w]e would be hard pressed to conclude that possession of cannabis is *unrelated* to smoking or ingesting the substance." (*Perry*, *supra*, 32 Cal.App.5th at p. 891; accord, *Whalum*, *supra*, 50 Cal.App.5th at pp. 11-12; *Herrera*, *supra*, 52 Cal.App.5th at p. 991, review granted.) Based on the breadth of the carve out provision, it defies logic to conclude Proposition 64 was intended to leave intact prohibitions against smoking and ingesting cannabis in prison, while allowing inmates to possess cannabis. Indeed, "[i]n the context of possession

15

in prison, it is particularly obvious that possession must 'pertain' to smoking or ingesting. For what purpose would an inmate possess cannabis that was not meant to be smoked or ingested by anyone?" (*Perry*, at p. 892.)

Lynch additionally contends that strictly interpreting Health and Safety Code section 11362.45, subdivision (d) to exclude "simple possession" "does not lead to absurd results or make [Penal Code] section 4573.6 a nullity." He argues that, following passage of Proposition 64, unauthorized possession of cannabis (or any other controlled substance) can be controlled administratively.[13] He contends decriminalizing the possession of small amounts of cannabis in prison is consistent with Proposition 64's intention to alleviate the burdens placed on courts by high volumes of minor cannabis-related offenses. We reject Lynch's contentions. We have already concluded that the possession of cannabis in prison, in violation of Penal Code section 4573.6, remains a felony after the passage of Proposition 64. (See *Perry, supra*, 32 Cal.App.5th at p. 890 [Proposition 64 did not change any existing "prohibitions against the possession of marijuana *in prison* or otherwise affect the operation of Penal Code section 4573.6."].) We arrived at this conclusion by analyzing the language of the statutes enacted pursuant to the passage of Proposition 64—specifically, the carve out in Health and Safety Code section 11362.45, subdivision (d), for "[l]aws pertaining to smoking or ingesting cannabis" in prison. Lynch's contentions are policy-

---

13 The court in *Raybon* made a similar point: "Bringing less than an ounce of cannabis into a prison and giving it away in prison are serious rule violations that result in significant consequences for both inmates and visitors." (*Raybon, supra*, 36 Cal.App.5th at p. 124, review granted, citing Cal. Dept. of Corrections & Rehabilitation, Operations Manual (2019) ch. 5, § 52080.5; Cal. Code Regs., tit. 15, §§ 3176, 3315, 3323, & 3335.)

related arguments that are irrelevant to our analysis and interpretation of Proposition 64, and, as such, we find them unpersuasive and unavailing.

In sum, the trial court properly determined that Proposition 64 did not impact the crime of possessing unauthorized cannabis in prison in violation of Penal Code section 4573.6. We therefore affirm the court's order denying Lynch's petition for relief from his prior conviction pursuant to Health and Safety Code section 11361.8, subdivision (a).

## II.

### *Dueñas*

Lynch contends the trial court failed to consider his ability to pay various fines and fees when it imposed sentence in connection with his no contest plea in 2018, in violation of *Dueñas*. *Dueñas* relied on due process principles to require an ability to pay hearing before a trial court may impose certain fines and fees. (*Dueñas*, *supra*, 30 Cal.App.5th at p. 1164.) It further held that "although Penal Code section 1202.4 bars consideration of a defendant's ability to pay unless the judge is considering increasing the fee over the statutory minimum, the execution of any restitution fine imposed under this statute must be stayed unless and until the trial court holds an ability to pay hearing and concludes that the defendant has the present ability to pay the restitution fine." (*Ibid*.)[14]

The Attorney General contends Lynch's claim amounts to an impermissible attack on his prior judgment, which is now final, and his claim

---

[14] Some courts have disagreed with *Dueñas*'s reliance on due process principles. (See, e.g., *People v. Hicks* (2019) 40 Cal.App.5th 320, 326, review granted Nov. 26, 2019, S258946; *People v. Kopp* (2019) 38 Cal.App.5th 47, 94, 96, review granted Nov. 13, 2019, S257844.) We need not address these areas of disagreement to resolve this appeal because we agree with the Attorney General that Lynch's claim is not cognizable on this appeal.

17

is outside the scope of resentencing contemplated by Proposition 64. (See § 11361.8, subd. (k) ["Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of the Control, Regulate and Tax Adult Use of Marijuana Act."].) Lynch does not dispute this contention in his reply brief. We agree with the Attorney General that Lynch's current claim of *Dueñas* error constitutes an impermissible collateral attack on his final judgment of conviction and sentence. (*People v. Barlow* (1980) 103 Cal.App.3d 351, 360-364.) Because Lynch's *Dueñas* claim is not cognizable on this appeal from an order denying Lynch's section 11361.8 petition, we decline to entertain it.

DISPOSITION

The order denying defendant's petition under Health and Safety Code section 11361.8 is affirmed.


GUERRERO, J.

WE CONCUR:



O'ROURKE, Acting P. J.



DATO, J.

18